UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE DENDEL,

        Petitioner,               Case Number 12-14153
                                                           Honorable David M. Lawson

v.

HEIDI E. WASHINGTON
and STEPHEN ROBINSON,

        Respondents.
_____/

**OPINION AND ORDER CONDITIONALLY GRANTING
PETITION FOR WRIT OF HABEAS CORPUS**

On September 19, 2012, petitioner Katherine Dendel, a former Michigan state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her conviction for second-degree murder. At the time she filed her petition, she was incarcerated at the Huron Valley Women's Complex in Ypsilanti, Michigan. The petition included, among other things, a claim that her right to the effective assistance of counsel was abridged when her trial lawyer did not hire an expert witness to offer an alternate explanation for the victim's death. On direct appeal, she raised ineffective assistance of counsel and the Michigan Court of Appeals remanded the matter to the trial court to conduct an evidentiary hearing. After the hearing, the trial judge ruled that the petitioner received effective assistance of counsel. The Michigan Court of Appeals, in a split decision, reversed the trial court. The Michigan Supreme Court, also in a divided opinion, reversed the court of appeals and reinstated the conviction. The court of appeals subsequently affirmed the conviction and the Michigan Supreme Court declined further review.

On September 9, 2012, the petitioner filed a petition for a writ of habeas corpus in this Court. The Court denied her petition, but granted a certificate of appealability on whether her trial lawyer

was ineffective. The Sixth Circuit, also in a split decision, reversed this Court's denial of the petition, and the Supreme Court denied the warden's petition for a writ of certiorari.

To qualify for habeas relief, a person must be "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Upon review of the matter, it appeared that the petitioner was no longer *in custody* because she was no longer incarcerated and not on parole. *See Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963) (holding that a prisoner who had been placed on parole was still "in custody" under his unexpired sentence). The Court therefore issued an order for the parties to inform the Court of the petitioner's custodial status or show cause why the Court should not dismiss the petition as moot. The parties verified that the petitioner has been fully discharged from her sentence, but argued that the Court should conditionally grant the petition because of the collateral consequences that flow from a conviction.

The Supreme Court has held that so long as a petitioner files their petition while they are in custody, "the 'collateral consequences' of the petitioner's conviction — his inability to vote, engage in certain businesses, hold public office, or serve as a juror — prevented the case from being moot." *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 236-37 (1968)). The petitioner in this case satisfies the "in custody" requirement, even though she has been fully discharged from her sentence, because she was in custody at the time she filed her petition in 2012, and the collateral consequences of that conviction prevent this case from becoming moot. Therefore, this Court must conditionally grant the petitioner's writ of habeas corpus.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **CONDITIONALLY GRANTED**.

It is further **ORDERED** that the respondent shall release the petitioner from custody and

-2-

vacate her conviction unless the State brings her to trial again within seventy (70) days.

                                                    s/David M. Lawson  
                                                    DAVID M. LAWSON  
                                                    United States District Judge

Dated: November 17, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 17, 2016.

                              s/Susan Pinkowski  
                              SUSAN PINKOWSKI